**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| SHANAZ MOHAMED ) | |
| ) | |
| ) | **Case No.:** |
| Plaintiff, ) | |
| ) | |
| v. ) | **JURY TRIAL DEMANDED** |
| ) | |
| COMMONWEALTH FINANCIAL ) | |
| SYSTEMS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## **COMPLAINT**

SHANAZ MOHAMED ("Plaintiff"), by her attorneys, Kimmel & Silverman, P.C., alleges the following against COMMONWEALTH FINANCIAL SYSTEMS ("Defendant"):

## **INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), the Maryland Consumer Debt Collection Act, MD Code § 14-201 *et. seq.* ("MCDCA"), and Maryland common law.

## **JURISDICTION AND VENUE**

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Supplemental jurisdiction of the United States District Courts, for the Maryland state law claims arise pursuant to 28 U.S.C. § 1367.

4. Defendant conducts business in the State of Maryland and therefore, personal jurisdiction is established.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

6. Plaintiff is a natural person residing in Rosedale, Maryland.

7. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8. In the alternative, Plaintiff is a person granted a cause of action under the FDCPA. See 15 U.S.C. § 1692k(a) and Weinrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

9. Defendant Commonwealth Financial Systems, is a company specializing in debt collection with its principal place of business located at 245 Main Street, Dickson City, PA 18519.

10. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and is a "collector" as the term is defined by MD Code § 14-201(b).

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

12. At all relevant times, Defendant was acting to collect an alleged consumer debt from Plaintiff.

13. Plaintiff has no business debt, and therefore is certain that the alleged debt arose out of transactions which were primarily for personal, family, or household purposes.

14. From March 2013 through June 2013, Defendant's collectors made repeated harassing telephone calls to Plaintiff's cellular telephone regarding an alleged debt.

15. Defendant's calls originated from numbers including, but not limited to, (410) 505-5306. The undersigned has confirmed that this number belong to Defendant.

16. Defendant called Plaintiff almost every day during this time period.

17. Plaintiff received, on average, more than two (2) collection calls per day from Defendant and more than ten (10) collection calls per week.

18. Defendant's collectors often called Plaintiff at very inconvenient hours, including prior to 8:00 AM and after 9:00 PM.

19. In speaking with Defendant's collectors, Plaintiff demanded that they cease their harassing calls.

20. Despite this request, Defendant's collectors continued to repeatedly and incessantly call Plaintiff's cellular telephone.

21. Defendant's communications with Plaintiff were often in the form of automated calls utilizing a prerecorded/artificial voice, stating their company name.

22. Plaintiff did not expressly consent to Defendant's placement of telephone calls to her cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

23. Defendant's telephone calls were not placed for "emergency purposes," as specified in 47 U.S.C. § 227(b)(1)(A).

- 3 -

PLAINTIFF'S COMPLAINT

24. In April of 2013, Plaintiff retained counsel to represent her with regard to Defendant's harassing debt collection efforts.

25. Plaintiff's counsel sent a letter on April 5, 2013 to Defendant advising it that Plaintiff was represented, to cease communication with Plaintiff, and to communicate only with counsel. See Letter of Representation dated April 5, 2013, attached hereto as Exhibit "A".

26. Defendant received this letter on April 10, 2013. See Green Card, attached hereto as Exhibit "B".

27. Despite receipt of this letter, Defendant continued to call Plaintiff.

28. Specifically, Plaintiff received telephone calls from Defendant seeking to collect the alleged debt on dates including, but not limited to, April 25, 2013, April 30, 2013, May 6, 2013, May 7, 2013, May 8, 2013, May 23, 2013, May 25, 2013, May 29, 2013, May 30, 2013, May 31, 2013, June 1, 2013, June 3, 2013, June 4, 2013 and June 5, 2013.

29. Defendant's actions as described herein were made with the intent to harass, abuse and coerce payment from Plaintiff.

30. Additionally, Defendant's conduct invaded Plaintiff's privacy.

**COUNT I**
**DEFENDANT VIOLATED § 1692c(a)(1) OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

31. Section 1692c(a)(1) of the FDCPA prohibits debt collectors from communicating with a consumer in connection with the collection of any debt at any unusual time or place. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8:00 AM and before 9:00 PM.

32. Defendant violated § 1692c(a)(1) of the FDCPA when it contacted Plaintiff at inconvenient hours, including before 8:00AM and after 9:00 PM.

**COUNT II**
**DEFENDANT VIOLATED § 1692c(a)(2) OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

33. Section 1692c(a)(2) of the FDCPA prohibits debt collectors from communicating with a consumer in connection with the collection of any debt if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.

34. Defendant violated 1692c(a)(2) of the FDCPA when it contacted Plaintiff repeatedly after counsel had already informed Defendant that it represented Plaintiff.

**COUNT III**
**DEFENDANT VIOLATED § 1692d OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

35. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person, in connection with the collection of a debt.

36. Defendant violated § 1692d of the FDCPA when it called Plaintiff repeatedly and continuously, when it called multiple times in a singular day, when it called Plaintiff at inconvenient hours, when it repeatedly used computer-generated/prerecorded voices when calling Plaintiff, when it continued to contact Plaintiff repeatedly after knowing that she was represented by an attorney, when it engaged in other harassing or abusive conduct.

## COUNT IV
## DEFENDANT VIOLATED § 1692d(5) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

37. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

38. Defendant violated § 1692d(5) of the FDCPA when it caused Plaintiff's cellular telephone to ring repeatedly and continuously with the intent to harass or annoy Plaintiff.

## COUNT V
## DEFENDANT VIOLATED § 1692f OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

39. Section 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect an alleged debt.

40. Defendant violated § 1692f of the FDCPA when it called Plaintiff repeatedly and continuously, when it called multiple times in a singular day, when it called Plaintiff at inconvenient hours, when it repeatedly used computer-generated/prerecorded voices when calling Plaintiff, when it continued to contact Plaintiff repeatedly after knowing that she was represented by an attorney and when it engaged in other unfair means in an attempt to collect the alleged debt.

## COUNT VI
## DEFENDANT VIOLATED § 14-202 OF THE
## MARYLAND CONSUMER DEBT COLLECTION ACT

41. Section 14-202 of the Maryland Consumer Debt Collection Act prohibits debt

collectors from using unfair or unconscionable means to collect or attempt to collect an alleged debt.

42. Defendant violated § 14-202 of the Maryland Consumer Debt Collection Act when it called Plaintiff repeatedly and continuously, when it called multiple times in a singular day, when it called Plaintiff at inconvenient hours, when it repeatedly used computer-generated/prerecorded voices when calling Plaintiff, when it continued to contact Plaintiff repeatedly after knowing that she was represented by an attorney and when it engaged in other unfair means in an attempt to collect the alleged debt.

**COUNT VII**
**DEFENDANT INVADED PLAINTIFF'S PRIVACY BY**
**INTRUSION UPON SECLUSION**

43. Maryland recognizes a tort for Invasion of Privacy by Intrusion Upon Seclusion.

44. In Maryland the elements of the tort are: 1) an intentional intrusion; 2) upon another person's solitude, seclusion, private affairs, or concerns; 2) in a manner that would be highly offensive to a reasonable person. Trundle v. Homeside Lending, Inc., 162 F.Supp.2d 396, 401 (D. MD. 2001).

45. Defendant intentionally intruded upon the seclusion of Plaintiff when its agents and/or employees called multiple times per day on her cellular telephone, and at very late and early hours of the day.

46. These actions were highly offensive to Plaintiff, as it would be any reasonable person.

47. These acts were committed with malice, intent, wantonness and recklessness,

affording Plaintiff the remedy of actual and punitive damages.

## COUNT VIII
## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

48. Section 227(b)(3)(A) of the TCPA authorizes a private cause of action for a person or entity to bring in an appropriate court of that state "an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation."

49. Section 227(b)(3)(B), of the Act authorizes a private cause of action for a person or entity to bring in an appropriate court of that state "an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater."

50. The Act also authorizes the Court, in its discretion, to award up to three (3) times the actual damages sustained for violations.

51. Upon information and belief, despite the fact that Plaintiff never consented to Defendant making calls to her, Defendant repeatedly placed non-emergency calls to Plaintiff's cellular telephone without Plaintiff's consent.

52. Upon information and belief, Defendant repeatedly and regularly placed non-emergency, automated calls to Plaintiff's cellular telephone using a pre-recorded or artificial voice.

53. Defendant contacted Plaintiff on her cellular telephone dozens of times during the relevant time period.

54. Defendant did not have Plaintiff's express consent prior to contacting her on her cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice.

55. Defendant's conduct violated § 227(b)(1)(A)(iii) of the TCPA by making any call using any automatic telephone dialing system or an artificial prerecorded voice.

WHEREFORE, Plaintiff, SHANAZ MOHAMED, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1), MD Code § 14-203, and Maryland common law;

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. Statutory damages of $500.00 for each violation of the TCPA, pursuant to 47 U.S.C. § 227(c)(5)(B);

    d. Punitive damages for Defendant's invasion of Plaintiff's privacy;

    e. Reasonable attorney's fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

    f. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, SHANAZ MOHAMED, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: July 29, 2013

                By: /s/Amy L. Bennecoff
                    Amy L. Bennecoff
                    Kimmel & Silverman, P.C
                    Bar ID No. 29950
                    30 East Butler Pike
                    Ambler, PA 19002
                    Telephone: (215) 540-8888
                    Facsimile (215) 540-8817
                    Email: abennecoff@creditlaw.com
                    Attorney for Plaintiff